IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GREGORY L. WINFORD                                                    PLAINTIFF

v.                              Civil No.10-2136

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Gregory Winford, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The plaintiff filed his applications for DIB on September 18, 2007, alleging an amended onset date of July 27, 2005,[1] due to degenerative disk disease ("DDD") of the lumbar spine, arthritis of right hip, previous forearm fractures, ankle pain, hypertension ("HTN"), supraventricular tachycardia ("SVT"), and depression. Tr. 75-76, 139-148. An administrative hearing was held on October 29, 2008. Tr. 19-53. Plaintiff was present and represented by counsel.

---

[1] Plaintiff had filed a previous application for DIB and supplemental security income ("SSI") on January 9, 2004. An unfavorable decision was issued on July 26, 2005, and the decision was affirmed by this court on September 29, 2006. Tr. 57-66. No further action was taken on this application.

AO72A
(Rev. 8/82)

At this time, plaintiff was 44 years of age and possessed the equivalent of a high school education. Tr. 22-23. He had past relevant work ("PRW") experience as a cable installer, plumber's helper, kitchen helper, backhoe operator, farm worker II, meter reader, and track drill operator. Tr. 81, 158-168.

On January 21, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's DDD, arthritis changes in the right hip, forearm fractures, HTN, and SVT did not meet or equal any Appendix 1 listing. Tr. 75-76. The ALJ determined that plaintiff maintained the residual functional capacity ("RFC") to perform light work involving only frequent bending, crawling, crouching, kneeling, stooping, climbing of stairs and ladders, and grasping, handling, and fingering with the left upper extremity and no climbing of ladders and scaffolds. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform return to his PRW as a meter reader. Tr. 80-81.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 24, 2010. Tr. 1-3. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider

evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.    The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**:

Of particular concern to the undersigned is the ALJ's failure to sufficiently develop the record. "A disability claimant is entitled to a full and fair hearing under the Social Security Act." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (internal quotations and citation omitted). The "ALJ should recontact a treating or consulting physician if a critical issue is undeveloped." *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010). The Commissioner's regulations explain that contacting a treating physician is necessary only if the doctor's records are "inadequate for us to determine whether [the claimant is] disabled" such as "when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§404.1512(e), 416.912(e).

The record contains many treatment records dated prior to the relevant time period indicating that Plaintiff suffered from PSVT and post traumatic pericarditis. Tr. 196-197, 299-307, 309, 381. His symptoms included chest pain, shortness of breath, and arrhythmia.

Records also indicate that Plaintiff was involved in a motor vehicle accident in 1993, during which he sustained a Grade II open fracture of the left femur, breaks to both bones in the left arm, a soft tissue injury to the right leg, and a fracture of the left maxillary sinus. Tr. 299-

4

307, 310-353. He was hospitalized for eleven days and underwent surgery to repair the arm and femur fractures. In 1997, he sustained a second fracture to his left leg. Tr. 308.

An MRI of Plaintiff's lumbar spine completed in December 2005, revealed a broad disk protrusion at the L5-S1 level with possible nerve root compression, degenerative changes at the L5-S1 level, and arthritic changes in the right hip. Tr. 396. Progress notes indicate that he was treated for lower back pain and left lower extremity pain. Tr. 218-219, 231-233, 390-392. Exams revealed tenderness and muscle tightness in the left lower lumbar area, diminished to absent reflexes and tenderness in the right ankle, mild decreased sensation to pinprick of the lower left extremity above and below the knee, and an antalgic gait. Tr. 219.

In June 2006, Plaintiff was involved in another motor vehicle accident and sustained a pneumothorax, contusions to his head, abrasions to his face, and injuries to his right shoulder and ribs. Tr. 198-216. At this time, a CT scan of his cervical spine revealed mild posterior end plate spurring especially to the left of the midline at the C3-4 level, a small focal central disk protrusion at the C5-6 level, a small central broad based bulge at the C6-7 level, and fractured ribs on the right side.

On January 7, 2008, Plaintiff was evaluated by orthopedist, Dr. Tod Honghiran. Tr. 238-240. His exam revealed a limp favoring the left, a restricted range of motion in the lumbar spine, a painful straight leg raise test on the left, and a tingling sensation in his feet. Based on previous test results and as well as x-ray results from his exam, Dr. Honghiran diagnosed Plaintiff with a herniated disk in the lower lumbar spine with nerve root irritation on the left side causing pain in the left hip and leg. He recommended that Plaintiff see a neurosurgeon. Tr. 238-240.

On January 14, 2008, Dr. Alice Davidson, a non-examining, consultative doctor reviewed Plaintiff's medical records and completed an RFC assessment of Plaintiff through his December 31, 2006, date last insured. Tr. 243-250. She concluded that Plaintiff could perform sedentary work involving only two hours of standing/walking and occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Tr. 243-250.

On October 15, 2008, Dr. Ronald Myers completed a treating physician's statement. Tr. 383-387. He indicated that Plaintiff was diagnosed with chronic lower back pain secondary to a herniated disk at the L5-S1 level with nerve root compression on the left, degenerative joint disease of the lumbar spine, and status post fixation of a left femur fracture with chronic pain. Dr. Myers noted muscle weakness and atrophy in the left lower extremity, an antalgic gait favoring the right side, a decreased range of motion in the left hip, an inability to walk on heel-toes, a weak ability to oppose thumb to fingers, and a 50% diminished grip strength with the left hand. He then completed an RFC assessment indicating that Plaintiff could sit for 15 minutes at a time for a total of four hours per day, stand for 5 minutes for a total of three hours, and walk for 30 minutes for a total of one hour. Dr. Myers also determined Plaintiff could occasionally lift and/or carry up to ten pounds; frequently reach above his head, work near dust, fumes, and gases, and be exposed to noise; occasionally work near marked temperature changes and drive automotive equipment; and, never bend, squat, crawl, climb, stoop, crouch, crawl, be exposed to unprotected heights, or work near moving machinery. He also concluded that Plaintiff's severe pain would cause him to miss more than four days of work per month and require him to elevate his feet periodically.

6

The ALJ dismissed Dr. Myers' opinion stating that it was dated after the expiration of Plaintiff's date last insured and did not indicate that it related back. However, this is the only medical record contained in the file from Dr. Myers, so the treatment dates are not clear. We also note that Dr. Myers' opinion clearly states that it was based on MRI results, as well as examinations revealing joint deformity, muscle spasm, and spinal deformity. The only MRI results contained in the record are dated December 2005, which is clearly before the expiration of Plaintiff's December 31, 2006, date last insured. Tr. 395. His opinion is also consistent with that of Dr. Davidson, whose assessment expressly acknowledges Plaintiff's date last insured. Accordingly, we believe remand is necessary to allow the ALJ to recontact Dr. Myers to inquire as to the dates covered by his evaluation and assessment of Plaintiff. *See* 20 C.F.R. § 404.1527(d)(2) (stating "[t]he opinion of a treating physician is accorded special deference and will be granted controlling weight when well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record"); *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000).

## IV. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of August 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)